Fraser A. McAlpine (State Bar No. 248554)
Angel R. Sevilla (State Bar No. 239072)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
Telephone:    (415) 394-9400
Facsimile:    (415) 394-9401
Email:        fraser.mcalpine@jacksonlewis.com
Email:        angel.sevilla@jacksonlewis.com

Attorney for Defendant
AM RETAIL GROUP, INC.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLQUAL WATKINS and GREG BATSCH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AM RETAIL GROUP, INC., a Delaware Corporation, and DOES 1-25,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br><br>Complaint Filed:  August 14, 2017<br>Trial Date:       None set. |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant AM RETAIL GROUP, INC. ("Defendant")

invokes this Court's jurisdiction under 28 U.S.C. § 1332 and removes, pursuant to 28 U.S.C. §1441,

(as amended by the Class Action Fairness Act of 2005 Pub. L. 109-2, section 4(a) ("CAFA")) this

action to this Court from the Superior Court of the State of California in and for the County of Kern

("Kern Superior Court"). While Defendant disputes that Plaintiffs CHARLQUAL WATKINS and

GREG BATSCH ("Plaintiffs") are entitled to any recovery in this action, Plaintiffs' allegations

place in controversy a sufficient amount to bring this case within the jurisdiction of this Court.

//

1

## INTRODUCTION

2      1.      On August 14, 2017, Plaintiffs filed a class action civil complaint against Defendant

3 in Kern Superior Court, Case No. BCV-17-101872.  The Complaint sets forth the following eight

4 class-wide causes of action: (1) Failure to Pay All Wages Due, Including Overtime Wages; (2)

5 Failure to Provide Meal Periods; (3) Failure to Provide Rest Breaks; (4) Failure to Provide Accurate

6 Itemized Wage Statements; (5) Failure to Pay All Wages at Termination; (6) Failure to Reimburse

7 Business Expenses; (7) Unfair Competition; and (8) Private Attorney General Act Penalties.

8      2.      Defendant received the Summons and Complaint and related court documents in

9 this action on August 29, 2017.  A copy of the Summons, Complaint and other related court

10 documents is attached as **Exhibit A**.

11      3.      On September 26, 2017, Defendant filed an Answer to the Complaint.  A true and

12 correct copy of Defendant's Answer is attached as **Exhibit B**.

13

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

14      4.      Section 4 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) has

15 been amended to provide, in relevant part:

16 > The district courts shall have original jurisdiction of any civil action
17 > in which the matter in controversy exceeds the sum or value of
> $5,000,000, exclusive of interest and costs, and is a class action in
> which – (A) any member of a class of plaintiffs is a citizen of a State
18 > different from any defendant.

19      5.      In addition, CAFA confers federal court jurisdiction only where the proposed class

20 involves 100 or more members, or where the primary defendants are not States, State officials, or

21 other governmental entities.  28 U.S.C. § 1332(d)(5).

22      6.      As set forth below, this action satisfies all the requirements for federal jurisdiction

23 under CAFA.  This action (1) involves an amount in controversy greater than $5,000,000;

24 (2) involves a plaintiff and a defendant who are citizens of different states; (3) involves a putative

25 class of 100 or more purported members; and (4) does not involve a defendant who is a

26 governmental official or entity.

27 ///

28 ///

2

The Purported Amount in Controversy Exceeds $5,000,000

7.     CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

8.     When measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *5 (N.D. Cal. 2014), *citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 992, 1001 (C.D. Cal. 2002).

9.     In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added). For the following reasons, the Complaint places an amount in controversy exceeding $5,000,000.

10.     Although the Complaint is silent as to the amount in controversy, the amount in controversy exceeds $5,000,000 as to Plaintiffs' first five causes of action alone when the following allegations set forth by Plaintiffs are considered:[1]

      a.    The putative class consists of all current and former non-exempt employees within four years prior to the filing of Plaintiffs' complaint. (Compl. ¶ 2). Plaintiffs estimate this putative class to consist of "several hundred individuals". (Compl. ¶ 19). This allegation is consistent with information known to Defendant.

      b.    Under the first, second, and third causes of action, Plaintiffs seek damages for alleged unpaid wages, including overtime compensation, resulting from alleged off-the-clock work, and premium pay for noncompliant meal periods and rest breaks. To compute the amount in controversy deriving from these

---

[1] The assumptions set forth herein are based on the information provided by the Complaint. Thus, no admission is being made by Defendant with respect to liability, damages, certification, or any other purpose.

NOTICE OF REMOVAL

Case No.

three claims, Defendant makes a conservative estimate of a total of one hour of unpaid straight-time wages or premium pay per week per employee. Based on Plaintiffs' allegations, an estimate of at least one noncompliant meal period per week, one noncompliant rest break per week, and an additional amount each week for off-the-clock work would be justified.

c.    Under the fourth cause of action, Plaintiffs seek penalties under California Labor Code section 226. Section 226(e) provides that an employee suffering injury as a result of an employer's failure to provide accurate wage statements may recover the greater of (a) actual damages; or (b) fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000). Given the rates of turnover experienced by AM Retail, each position could generate more than $4,000 in wage statement penalties. Nevertheless, in computing the amount in controversy, Defendant assumes that each position would generate no more than $4,000 in penalties under section 226(e) regardless of the turnover rate.

d.    Under the fifth cause of action, Plaintiffs seek waiting time penalties under California Labor Code § 203. According to § 203, an employee who is not timely paid all wages due upon termination may recover a penalty equal to the employee's daily rate of pay for each day the wages are improperly withheld, for up to 30 days. Given the number of employees whose employment was terminated since August 14, 2014, the potential exposure to waiting time penalties significantly increases the amount in controversy. Together with the amount in controversy from the first four causes of action, the amount in controversy is sufficient to support removal even if it is assumed that the terminated employees worked, on average, less than five hours per work day.

NOTICE OF REMOVAL

Case No.

e.    Accordingly, the amount placed in controversy by plaintiffs' first five causes of action exceeds $5,000,000 even if you assume (i) that the exposure from the first three causes of action is limited to one hour of straight time wages per week per employee for either unpaid wages or premium pay; (ii) that the exposure from the fourth cause of action is limited by the number of covered positions currently held by employees working for Defendant multiplied by $4,000; and (iii) that the exposure from the fifth cause of action is limited by the mean wage paid to potential class members and a weighted estimate of the average hours that employees in covered positions worked per week. Based on the allegations in the Complaint, the amount in controversy arising from the first, second, third, and fifth causes of action could be considerably greater if you assumed a higher violation rate for the first three causes of action, and longer work days on average for the fifth cause of action.

f.    There is some additional amount in controversy associated with Plaintiffs' claim for unreimbursed business expenses, and the interest associated with that claim.

11.    The above estimates of the amount in controversy reach the jurisdictional threshold without including the unspecified amount of attorneys' fees that Plaintiffs seek. In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332, a court may also consider the value of claims for attorney's fees. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding the amount in controversy may include attorney's fees recoverable by statute).

12.    For the foregoing reasons, the amount in controversy is sufficient to meet that requirement for removal under CAFA.

//

//

NOTICE OF REMOVAL

Case No.

Plaintiffs and Defendant Are Citizens of Different States

13.    CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant, when at least one member of a class is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

14.    Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

15.    A natural person's citizenship is determined by that person's state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citation omitted).

16.    Here, Plaintiffs allege that they are citizens of the State of California, residing in Kern County. (Compl. ¶ ¶ 7, 9).

17.    A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp v. Friend*, 559 U.S. 77, 92-93 (2010).

18.    Plaintiffs allege that Defendant is a citizen of the State of Delaware. Specifically, Plaintiffs allege that Defendant is incorporated under the laws of the State of Delaware. (Compl. ¶ 9.)

19.    AM Retail's principal place of business is in the state of Minnesota.

20.    The presence of "Doe" defendants has no bearing on diversity of citizenship with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

21.    Therefore, the diversity requirement of CAFA removal is satisfied because Plaintiffs are citizens of the State of California, and Defendant is not a citizen of California.

The Putative Class Consists of More Than 100 Members

22.    Plaintiffs allege that membership in the putative class is estimated to consist of

NOTICE OF REMOVAL

Case No.

"several hundred individuals". (Compl. ¶ 19). Plaintiffs further allege that the putative class is so large that joinder of all class members would be impracticable. (*Id.*)

23.    Therefore, based on the pleadings set forth by Plaintiffs, the alleged putative class contains more than 100 members.

<u>Defendant is Not a Governmental Official or Entity</u>.

24.    No defendant is a state, a state official or any other governmental entity.

**<u>VENUE</u>**

25.    Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1441(a). Section 1441(a) provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

As indicated above, Plaintiffs brought this action in Kern Superior Court. The United States District Court for the Eastern District of California encompasses this territory. *See* 28 U.S.C. § 84(a).

**<u>TIMELINESS OF REMOVAL</u>**

26.    This Notice of Removal is timely because this Notice of Removal is filed within thirty days after Defendant was served with papers from which it could first be ascertained that the case was removable. 28 U.S.C. § 1446(b).

**<u>NOTICE TO PLAINTIFF AND STATE COURT</u>**

27.    In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiffs' counsel and filed with the Clerk of the Kerns Superior Court. As such, all procedural requirements under § 1446 are satisfied.

///

///

///

///

NOTICE OF REMOVAL

Case No.

1

## CONCLUSION

2       28.     For the reasons set forth above, Defendant prays that this action be removed to this

3   Court.

4

5   Dated:  September 27, 2017                         JACKSON LEWIS P.C.

6

7                                         By:     /s/ Fraser A. McAlpine
                                                  Fraser A. McAlpine
8                                                 Angel R. Sevilla
                                                  Attorneys for Defendant
9                                                 AM RETAIL GROUP, INC.

10

11

12

13

14

15
    4830-6127-8287, v. 3
16

17

18

19

20

21

22

23

24

25

26

27

28

                                            8