Drew L. Alexis (State Bar No. 177692)
ALEXIS LAW FIRM
100 Oceangate, 12th Floor
Long Beach, CA 90802
Telephone: (562) 544-2495
Facsimile: (562) 546-4495
E-mail: dalexis@alexislawfirm.com

Attorneys for Plaintiffs,
CHARLQUAL WATKINS and GREG BATSCH

*See* signature line for additional list of Plaintiffs' counsel

Fraser A. McAlpine (SBN 248554)
Angel R. Sevilla (SBN 239072)
JACKSON LEWIS LLP
50 California Street, 9th Floor
San Francisco, California 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: fraser.mcalpine@jacksonlewis.com
E-mail: angel.sevilla@jacksonlewis.com

Attorneys for Defendant,
AM RETAIL GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLQUAL WATKINS and GREG BATSCH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AM RETAIL GROUP, INC., a Delaware Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 1:17-CV-01287 (JLT)<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br>(Doc. 11) |

Plaintiffs Charlqual Watkins and Greg Batsch ("Plaintiffs") and Defendant AM Retail Group, Inc. ("Defendant") (collectively the "Parties"), by and through their respective counsel of record, enter into the following Stipulation and Protective Order ("Protective Order") in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights:

1. <u>Definitions</u>. In this Protective Order, the words set forth below shall have the following meanings:

  a. "Proceeding" means the above-entitled proceeding, *Charlqual Watkins and Greg Batsch, on behalf of themselves and all others similarly situated v. AM Retail Group, Inc.*, United States District Court, Eastern District of California, Case No. 1:17-CV-01287 (JLT).

  b. "Court" means any judge therein to whom this Proceeding may be assigned in the United States District Court, Eastern District of California.

  c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such non-public information is entitled to confidential treatment under applicable law.

  d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order, including (i) documents or testimony not otherwise available to the public regarding Defendant's commercial or financial information, including materials regarding Defendant's business or marketing plans, sales practices, revenues or cash levels; (ii) documents or testimony regarding Defendant's trade secrets; (iii) home addresses, home and mobile phone numbers, social security numbers, and private email addresses of Defendant's employees; (iv) documents or testimony regarding Defendant's customers, accounts, financial records, and transactions, including emails which include information relating to any of Defendant's customers, and (vi) other documents or

testimony subject to an agreement between the parties that, due to the nature of the materials, those documents or testimony should be designated Confidential in accordance with this Order.

   e. "Designating Party" means the Party that designates Materials as "Confidential."

   f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

   g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

   h. "Information" means the content of Documents or Testimony.

   i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

  2. <u>Privileges.</u> The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to consent any such assertion.

  3. <u>Designating Documents, Testimony or Information</u>. The Designating Party shall have the right to designate as "CONFIDENTIAL" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not

3

obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL" on each page of any Document containing such designated Confidential Material or Information.

    b. For Testimony given in depositions the Designating Party may either:

        i. Identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. Identify specific portions of the Testimony as "Confidential" within 45 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information shall be indicated on an "Index of Material Designated Confidential" directly following the "General Index" of the volume.

    c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, electronic spreadsheets (*e.g.,* the class list), compact discs, DVD, or flash drives, the Designating must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "CONFIDENTIAL." If an electronic document is being produced by email, the subject line or body of the mail shall state "Confidential," and the Title of the attached Document shall include a "Confidential" designation. If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

4. <u>Inadvertent Production.</u> The inadvertent production by any of the

undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such items is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information the receiving Party shall notify the producing Party in writing of such destruction upon request of the producing Party. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

     5.    <u>Objections.</u> In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "CONFIDENTIAL" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections and the

specific reasons for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either: (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections; and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

6. <u>Access to Designated Material.</u> Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. the named parties to this action and their officers, directors, partners, members, and agents;

    b. the Court, and the Court's court officers, clerks, and court staff;

    c. Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party;

    d. In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than

pursuant to its terms;

  e. Those officers, directors, partners, members, agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  f. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  g. Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  h. Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

  i. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

  j. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained

to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for this Designating Party of such breach or threatened breach;

  k. The Parties' selected mediator and his or her staff; and

  l. Any other person that the Parties mutually agree to in writing.

 7. <u>Use of Confidential Materials.</u> Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. The Party receiving the contact information of putative class members and Defendant's employees under this Protective Order will only contact said persons for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. Nothing in this Protective Order shall govern the use of Confidential Materials or Information at trial. Any use of Confidential Materials or Information at trial shall be governed by a separate agreement or order.

 8. <u>No Prejudice.</u> Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

  a. Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information;

  b. Prejudice in any way the right of any Party (or any other person

8

subject to the terms of this Protective Order):

      i. To seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

      ii. To seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

9. <u>Parties Who Have Not Executed The Stipulation.</u> Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

10. <u>Subpoenas Seeking Designated Material.</u> If any person subject to this Protective Order receives a subpoena or other process ("Subpoena") demanding production of Confidential Materials from any government or other person or entity, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by delivery of a copy of said Subpoena by express mail or overnight delivery or electronic mail delivery to counsel of record for the Designating Party. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

11. <u>Additional Protection.</u>  Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection (such as redactions).  The Parties shall meet and confer to agree upon the terms of such additional protection.

12. <u>Disclosure by a Non-Designating Party.</u>  If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

13. <u>Waiver.</u>  This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party.  If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

14. <u>Filing Records Under Seal.</u>  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material.  A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 141. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. A sealing order will issue only upon a request establishing that the Confidential Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Confidential Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.  Notwithstanding this requirement, a document

bearing a person's name, contact information and social security number or other personal identifiers can be filed in the public record and not under Seal as long as the contact information, social security numbers and other personal identifiers have been redacted even if said documents are marked as Confidential Material by a Party.

15. <u>Admissibility into Evidence of Confidential Materials.</u> Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material or the disclosure of Confidential Materials at trial.

16. <u>Final Disposition.</u> Upon written request made within thirty (30) days after the final termination of the Proceeding, the undersigned Parties shall have sixty (60) days to either: (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product and one copy of each pleading filed with the Court); or (b) agree with counsel for the Designating Party upon appropriate methods of destruction or other disposition of such Confidential Materials. Information obtained from Confidential Materials shall remain Confidential after the conclusion of this Proceeding unless such information became publicly available at trial.

17. <u>Stipulation.</u> After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel for the Parties agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Protective Order.

18. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and

11

Stipulated and [~~Proposed~~] Protective Order　　　　　　　　　　　Case No. 1:17-CV-01287 (JLT)

entry by the Court.  In the event that the Court modifies this Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

19. This Protective Order may be executed in counterparts.

Dated:  April 25, 2018  JACKSON LEWIS P.C.

By: /s/ Angel R. Sevilla
Fraser A. McAlpine
Angel R. Sevilla
Attorneys for Defendant,
AM RETAIL GROUP, INC.

*"I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document."*

Dated:  April 25, 2018  ALEXIS LAW FIRM

By: /s/ Drew Alexis
Drew Alexis
Attorneys for Plaintiffs,
CHARLQUAL WATKINS and
GREG BATSCH

Dated:  April 25, 2018  KO LEGAL

By: s/s/ Kimberly Lind
Kimberly Lind

|   |   |
|---|---|
| | Attorneys for Plaintiffs,<br>CHARLQUAL WATKINS and<br>GREG BATSCH |

**[~~PROPOSED~~] ORDER**

The stipulated protective order (Doc. 11) is **GRANTED.**

IT IS SO ORDERED.

Dated: **April 26, 2018**  **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *CHARLQUAL WATKINS and GREG BATSCH, on behalf of themselves and all others similarly situated v. AM Retail Group, Inc.*, United States District Court, Eastern District of California, Case No. 1:17-CV-01287 (AWI) (JLT). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order entered in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be destroyed or returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

/ / /

Executed this \_\_\_\_ day of \_\_\_\_, 20\_\_, at _____.

                      BY: _____
                      Signature: _____
                      Title _____

4836-5343-9284, v. 1