| | |
|---|---|
| Kimberly Lind (State Bar No. 275635) | Drew L. Alexis (State Bar No. 177692) |
| KO LEGAL | dalexis@alexislawfirm.com |
| 100 Oceangate, 12th Floor | ALEXIS LAW FIRM |
| Long Beach, CA 90802 | 100 Oceangate, 12th Floor |
| Telephone: (562) 628-5548 | Long Beach, CA 90802 |
| Facsimile: (714) 242-1590 | Telephone: (562) 544-2495 |
| E-mail: kim@ko-legal.com | Facsimile: (562) 546-4495 |
| | E-mail: dalexis@alexislawfirm.com |

Additional Counsel on Following Page

Attorneys for Plaintiffs,
CHARQUAL WATKINS and GREG BATSCH

Fraser A. McAlpine (State Bar No. 248554)
Angel R. Sevilla (State Bar No. 239072)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: fraser.mcalpine@jacksonlewis.com
E-mail: angel.sevilla@jacksonlewis.com

Attorneys for Defendant,
AM RETAIL GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLQUAL WATKINS and GREG BATSCH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AM RETAIL GROUP, INC., a Delaware Corporation, and DOES 1-25,<br><br>Defendants. | Case No. 1:17-cv-01287 (JLT)<br><br>**JOINT STIPULATION REGARDING SETTLEMENT OF PLAINTIFFS' INDIVIDUAL CLAIMS**<br><br>[Fed. R. Civ. P. 23(e); E.D. Local Rule 160] |

1 | Nicholas Hua (State Bar No. 231035)
Nick@hua-gallai.com
2 | Giacomo Gallai (State Bar No. 227544)
gg@hua-gallai.com
3 | Steven Gonzalez (State Bar No. 191756)
steve@hua-gallai.com
4 | HUA GALLAI, LLP
433 N. Camden Dr., Fl. 4
5 | Beverly Hills, CA  90210-4408
Telephone:  (310) 279-5239
6 | Fax:  (480) 393-4433

7 | Attorneys for Plaintiffs,
CHARQUAL WATKINS and GREG BATSCH
8

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

Plaintiffs CHARQUAL WATKINS and GREG BATSCH ("Plaintiffs") and Defendant AM RETAIL GROUP, INC. ("Defendant" or "AMRG") (collectively, the "Parties"), through their respective undersigned counsel of record, respectfully submit this Joint Stipulation to inform the Court of the settlement of the individual claims by Plaintiffs against AMRG, pursuant to Eastern District Local Rule 160.

The Parties also respectfully request that the Court approve dismissal of this Action, subject to the Parties' settlement agreement, pursuant to Fed. R. Civ. P. 23(e). In this regard, the Parties inform the Court that the interest of the putative class in this Action will continue to be represented in a similar class action case pending in the Northern District of California, as discussed further below.

On August 14, 2017, Plaintiffs Charqual Watkins and Greg Batsch filed a civil complaint against AMRG in Kern County Superior Court, entitled *Charqual Watkins and Greg Batsch, on behalf of themselves and all others similarly situated vs. AM Retail Group, Inc.* (the "*Watkins* Action"). AMRG removed the *Watkins* Action to the United States District Court, Eastern District of California, Case No. 1:17-cv-01287-JLT, on September 27, 2017, pursuant to the Class Action Fairness Act.

On December 15, 2017, Lucio Sanchez filed a civil complaint against AMRG in Alameda County Superior Court, entitled *Lucio Sanchez, an individual, on behalf of himself and others similarly situated v. AM Retail Group, Inc.* (the "*Sanchez* Action"). AMRG removed the *Sanchez* Action to the United States District Court, Northern District of California, Case No. 3:18-cv-00287 (JCS), on January 12, 2018.

The *Watkins* and *Sanchez* Actions assert similar factual allegations and identical legal claims. Both actions assert similar claims for penalties under the Private Attorneys' General Act ("PAGA") on behalf of the same class of aggrieved employees. Further, the putative class members overlap in both actions, with the Sanchez case covering a broader putative class that subsumes the putative class in

1  the instant action.

2  Moreover, the class periods between the *Sanchez* Action and the instant
3  action are virtually the same.  To the degree that the instant action predates the
4  *Sanchez* Action by a few months, and therefore has a class period going back a few
5  months before that in the *Sanchez* Action, AMRG was prepared to argue that the
6  settlement in the earlier case of *Ruch v. AM Retail Group, Inc.*, Case No. 3:14-cv-
7  05352-MEJ, effectively covered the claims in the instant action as they pertained to
8  that short period. In short, the *Sanchez* Action effectively asserts the same absent
9  class member rights as those that at issue in the instant case.

10  Plaintiff Greg Batsch and AMRG agreed to settle Batsch's individual claims
11  against AMRG on December 17, 2018.  Plaintiff Charqual Watkins and AMRG
12  agreed to settle Watkins' individual claims against AMRG on December 27, 2018.
13  Plaintiffs Greg Batsch and Charlqual Watkins decided to resolve their individual
14  claims and no longer pursue class claims or a representative claim under PAGA in
15  recognition of the fact that any resolution of the *Sanchez* Action, which will be
16  reviewed by the Honorable Magistrate Judge Joseph C. Spero of the Northern
17  District of California, will in effect resolve the putative class and PAGA claims
18  filed by Plaintiffs Charlqual Watkins and Greg Batsch.

19  Accordingly, the settlement in the instant action does not purport to resolve
20  the PAGA claims on a representative basis, does not provide for a monetary award
21  to either Plaintiff or their counsel under the PAGA, and does not bind the state of
22  California.   Given the pendency of the *Sanchez* Action and the settlement of
23  Watkins and Batsch's individual claims, the Parties request voluntary dismissal of
24  the *Watkins* Action, with prejudice as to Plaintiffs Charlqual Watkins and Greg
25  Batsch on an individual basis and without prejudice as to the class and PAGA
26  representative claims.

27  Based on their understanding of the facts and procedural status in the
28  *Sanchez* Action, counsel agree and represent to the Court that the interests of the

4

putative class would not be impacted by the settlement of Watkins and Batsch's individual claims. The interests of the putative class in the *Watkins* Action will continue to be represented in the pending *Sanchez* Action. Pursuant to Fed. R. Civ. P. 23(e), counsel note that voluntary dismissal of the *Watkins* Action, with claims continuing in the *Sanchez* Action, would *not* bind any members of the putative class here. Consequently, Rule 23(e) does not require notice to the putative class members, nor does it require a hearing or determination that the dismissal is fair, reasonable, and adequate, not does it require any opportunity to object.

Accordingly, the Parties request that the Court approve the attached Order approving the settlement of the named Plaintiffs' individual claims against AM Retail Group, Inc., the dismissal of their individual claims with prejudice and the dismissal of the class claims without prejudice.

Dated: January 2, 2019            KO LEGAL; ALEXIS LAW FIRM; HUA GALLAI, LLP


By: /s/ - Drew L. Alexis
    Kimberly Lind
    Drew L. Alexis
    Nicholas T. Hua
    Giacomo Gallai
    Steven C. Gonzalez
    Attorneys for Plaintiffs
    Charlqual Watkins and Greg Batsch

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

| | |
|---|---|
| Dated:  January 2, 2019 | JACKSON LEWIS P.C. |
| | |
| | By: /s/ - Angel R. Sevilla_____ |
| | Fraser A. McAlpine |
| | Angel R. Sevilla |
| | Attorneys for Defendant |
| | AM RETAIL GROUP, INC. |